[Civ. No. 1645.   Second Appellate District.—May 8, 1917.]

## M. E. SMALLEY, Respondent, v. H. R. HOLT et al., Appellants.

EXCHANGE OF REAL PROPERTY—RECOVERY OF MONEY PAID—INABILITY TO PERFORM—SUPPORT OF FINDING—APPEAL.—In an action to recover a sum of money paid under an agreement for an exchange of real property, which provided that if the other contracting party was unable to comply with the terms of the agreement within a reasonable time, and within thirty days from the date of the payment of the money, the amount was to be returned without interest, a finding of such failure, and that the inability to perform was not owing to any conduct of the plaintiff, will not be disturbed on appeal, where there was evidence to support it, regardless of whether the same was established by a preponderance of the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

R. W. Richardson, and Eugene A. Tucker, for Appellants.

John W. Ballard, and Clyde Bishop, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment.

On June 29, 1911, respondent and appellant Holt entered into an agreement for an exchange of real property, together with the passing of certain mortgages and cash considerations as a part of the trade.   The sum of three thousand dollars was agreed by respondent to be paid to Holt when certain abstracts and certificates of title were brought down to date,

and it was further provided, "$750.00 in cash is to be paid to H. R. Holt on this agreement on or before July 3rd, 1911, which amount is to be credited and taken out of the $3,000.00 hereinbefore mentioned in this agreement." On July 1st Smalley paid to appellants the sum of $750 and they executed to him a document in the following form:

"Received from M. E. Smalley the sum of seven hundred and fifty dollars, which is the first cash payment mentioned in contract made and dated June 29th, 1911, by and between H. R. Holt and M. E. Smalley.

"It is hereby distinctly understood and agreed by H. R. Holt and Florence M. Wendell that in case said Holt is unable to comply with the terms of said contract within a reasonable time and within thirty days from this date, the said $750.00, without interest is to be returned to M. E. Smalley."

Florence M. Wendell was a party to the receipt, and is a party to the action only because the property agreed in the first contract to be conveyed to Holt was actually to be conveyed to her to hold for him.

The action was commenced to recover the $750 paid to appellants, upon the ground that Holt was unable, up to the time of filing the complaint, which was on September 11, 1911, to comply with the terms of the original agreement by him to be performed. The complaint alleges that Smalley kept and that Holt did not keep all the covenants of the contract of June 29th by them respectively to be performed, thus apparently holding to the idea that the action was based upon that contract. The trial court found for respondent on these issues, and appellants insist that the finding is not supported by the evidence. Respondent rejoins that the allegation of his performance and of Holt's nonperformance under the contract of June 29th was surplusage and therefore immaterial, that the action is really based on the paper executed July 1st, and that the complaint states and the evidence proved a cause of action under it. Upon which of these agreements was the cause of action founded?

It seems plain that the paper, receipt, or agreement of July 1st displaced the provisions of the contract of June 29th as to the payment of the $750. Under the earlier arrangement it was to have been paid as a part of a total sum of three thousand dollars, which was a part of the consideration for the trade; under the later it was made as a payment which

might or might not be retained by Holt, depending upon whether he could comply with the main contract within thirty days. The two arrangements concerning the $750 were inconsistent, and the first was abrogated by the second. The cause of action was therefore on the latter, and the allegations concerning performance under the former were immaterial.

The appellant claims that the agreement of July 1st, in the respect that it provided for a possible return of the $750, was void for want of consideration, but the defense is not pleaded and it is not open to appellant without a pleading to support it.

The trial court found that appellants, "for thirty days next after" July 1, 1911, "failed to comply with the terms" of the two agreements "and were at all times wholly unable to do so." It was further found that this inability to perform was not owing to any conduct of the respondent. In objecting to these findings, and to the others above mentioned, appellants continually insist that Smalley did not prove his case by a preponderance of the evidence, but that point is utterly devoid of interest here. The question on appeal is not where the preponderance of the evidence on a given issue lies, but whether there is any evidence whatever in support of the finding upon it. This point has been so often decided that it is as well settled as any question in the jurisprudence of California. It is mentioned now only because of the insistent and lengthy argument of appellant upon it. We will assume that appellant has presented the only question which could be presented on appeal in this regard; that is, does the evidence support the findings from which quotation has just been made? We have examined the record and answer the question in the affirmative. In fact, they find partial support in the admissions in the answer.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.